IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES M. SCOTT, SR., Register No. 513597, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4260-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff James M. Scott, Sr., an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Defendants filed a motion to stay proceedings against defendant John Meadows or, in the alternative, to dismiss defendant Meadows from this case. A telephone conference was held on June 12, 2009. Based on plaintiff's oral consent, his claims against defendant John Meadows will be recommended dismissed, without prejudice.

Pursuant to the conference, plaintiff was directed to file an amended complaint setting forth his claims in their entirety, to include the specific actions of each defendant, with the exception of John Meadows, that plaintiff believes violated his constitutional rights. Accordingly, the parties' outstanding dispositive motions will be recommended denied.

Based on the foregoing, it is

ORDERED that plaintiff's motions for discovery, for reconsideration of motion to compel, to compel, for extensions of time are denied, without prejudice to refiling if deemed appropriate. [36, 39, 52, 59, 69, 72] It is further

ORDERED that within seven days, defense counsel for the Missouri Department of Corrections ensure that: (1) plaintiff receives access to his legal materials in the prison property

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

room, and that he be allowed retain, in his cell, the legal materials he needs, up to the 12-inch maximum set forth in prison policy; and (2) plaintiff be allowed to purchase legal materials from the canteen, such as paper, pen, envelope, and stamps.  It is further

  ORDERED that within fourteen days, plaintiff file an amended complaint setting forth his claims in their entirety, including the specific actions of each defendant, except John Meadows, that plaintiff believes violated his constitutional rights.  [38]  It is further

  ORDERED that within thirty days of the court entering an order of review, pursuant to the provisions set forth in 28 U.S.C. § 1915, defendants file an answer to plaintiff's amended complaint and that, subsequently, the court will enter a new scheduling order.  It is further

  RECOMMENDED that defendants' motion to dismiss, without prejudice, plaintiff's claims against defendant John Meadow be granted.  [68]  It is further

  RECOMMENDED that defendants' motions to dismiss, for reconsideration, to dismiss or, in the alternative, to strike and for more definite statement, and alternative motion to stay be denied, without prejudice to refiling, if deemed appropriate.  [26, 28, 56, 57, 68]  It is further

  RECOMMENDED that plaintiff's motions for preliminary injunctive relief, to dismiss party, to substitute party and for sanctions be denied, without prejudice to refiling if deemed appropriate.  [37, 60, 72]

  Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

  The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  <u>See</u> L.R. 74.1(a)(2).

Dated this 16th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3