# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JAMES M. SCOTT, SR., Register No. 513597, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4260-CV-C-SOW |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff James M. Scott, Sr., an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

On June 16, 2009, this court entered an order providing that within seven days, defense counsel for Missouri Department of Corrections ensure that: (1) plaintiff receive access to his legal materials in the prison property room and that he be allowed to retain, in his cell, the legal materials he needs, up to the 12-inch maximum set forth in prison policy; and (2) plaintiff be allowed to purchase legal materials from the canteen, such as paper, pen, envelope, and stamps. The court also ordered that plaintiff file an amended complaint within fourteen days, setting forth his claims in their entirety, including specific allegations against each defendant that plaintiff believes violated his constitutional rights.

Plaintiff has not filed an amended complaint setting forth his claims in their entirety, including specific allegations against each named defendant, as ordered. Plaintiff's allegations that he has been prevented him from filing an amended complaint because he did not get the special spend in June is contradicted by the facts which show plaintiff got a canteen spend within seven days as ordered, has had several months now to obtain legal materials from the canteen, and has made six additional filings with this court. Plaintiff's motion seeking a 90-day additional

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

extension to file an amended complaint is denied.  Plaintiff's complaint should be dismissed for failure to comply with court orders.  As stated in M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977):

> A district court has power to dismiss an action for failure of the plaintiff to comply with "a court order."  Fed. R. Civ. P. 41(b).  Such action may be taken on the court's own motion, Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971); see Stanley v. Continental Oil Co., 536 F.2d 914, 916-17 (10th Cir. 1976), and may be exercised under the court's inherent power to control its docket, Pond v. Braniff Airways, Inc., 453 F.2d 347, 349 (5th Cir. 1972); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962), and to protect the integrity of its orders, Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).  See generally 15 A.L.R. Fed. 407 (1973).

Since the June 16, 2009 order, plaintiff has filed numerous motions stating he has been denied a special canteen spend, and denied his legal materials from the property room.  Defendants have filed suggestions in opposition.  A review of plaintiff's filings which allege that he didn't buy his legal materials at his canteen spend because he believed he would get an additional canteen spend in light of the court's order, and that defendants refused him documents from the property room in excess of the twelve inches, show what appears to be an attempt by plaintiff to manipulate the previous court order.  Pursuant to the previous order, defendants were to provide plaintiff a canteen spend within seven days so that he would have an opportunity to purchase what materials he needed to file an amended complaint.  Plaintiff's receiving a canteen spend within seven days as ordered clearly provided him the opportunity to buy such materials.  Plaintiff's complaint that he didn't get an additional special canteen spend has no merit because an additional canteen spend clearly was not the purpose of this court's order.  Further, the court specifically advised plaintiff he must be selective in the documents he was wanting to retrieve from the property room, and that he had to limit documents in his cell to the prison safety and security restriction of twelve inches.  Therefore, clearly, plaintiff's complaint wanting documents in excess of twelve inches is also without merit.  The parties' filings clearly show that defendants complied with this court's order and provided plaintiff with a canteen spend and an opportunity to obtain legal materials, not in excess of twelve inches, from the property room within seven days of the court's order.

Plaintiff's motion for reconsideration of this court's order denying appointment of counsel is denied, without prejudice, for the reasons as previously set forth. Plaintiff's motion seeking to depose other inmates, is denied, without prejudice.

Plaintiff's motion alleging actions unrelated to this case, that he believes are in retaliation, is denied. If plaintiff wants to file separate retaliation claims on recent events, he may do so in a separate action. Plaintiff's motion for return of documents as to a separate class action lawsuit in which he is involved is clearly unrelated to this case and is denied.

IT IS, THEREFORE, ORDERED that plaintiff's motions for reconsideration of appointment of counsel and for order to depose inmate witnesses are denied, without prejudice. [75, 78] It is further

ORDERED that plaintiff's motions for a special legal spend, for extension of time, to compel, and for return of legal documents are denied. [74, 76, 77, 82] It is further

ORDERED that the scheduling deadlines in this case are stayed. [84] It is further

RECOMMENDED that plaintiff's complaint be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with court orders. [86]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 7th day of October, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge